FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUBY CAPI-VAN WINKLE,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>    Defendant. | NO. 2:19-CV-00411-SAB<br><br>**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT** |

Before the Court is the parties' Stipulated Motion to Cap Damages and Attorney's Fees and to Remand to Superior Court, ECF No. 6. Plaintiff stipulates, *inter alia*, that her claimed damages—including attorney's fees and costs—resulting from the incidents giving rise to this case are capped at $74,999.99, waives the right to claim damages in excess of $74,999.99, and will not execute on any judgment or award in excess of $74,999.99. ECF No. 6 at 2. In exchange, Defendant stipulates to remand this matter back to Chelan County Superior Court. *Id.* Having reviewed the motion and the governing law, the Court **grants** the motion.

### Background

This action was originally filed in Chelan County Superior Court on October 21, 2019. Plaintiff claimed that Defendant violated the Washington Law Against

**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT \* 1**

Discrimination (WLAD) by failing to accommodate her disability and improperly terminating her on the basis of her disability and need to take medical leave. ECF No. 2-1 at 3. No federal claims were raised in Plaintiff's complaint. *Id*. Defendant timely filed a notice of removal based on diversity jurisdiction on November 27, 2019. ECF No. 1. To date, Defendant has not filed an Answer or other responsive pleading. Instead, the parties filed the instant motion on February 7, 2020, requesting that the Court enter a stipulation capping Plaintiff's damages and attorney's fees to less than $75,000 and remand the case to Chelan County Superior Court. ECF No. 6.

## Legal Standard

A defendant may remove any civil action brought in state court that a federal court would have also had original jurisdiction. 28 U.S.C. § 1441(a). In order to remove a case based on diversity jurisdiction, the removing party must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). If either one of these requirements is lacking or in doubt, the court lacks jurisdiction and should remand the case to the state court. 28 U.S.C. § 1447(c). Once the basis for removal jurisdiction is dropped, the district court has discretion to remand the case to the state court from which it was removed.

The amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed. *Eagle v. Am. Tel. & Tel.*, 769 F.2d 541, 545 (9th Cir. 1985). Upon removal, a defendant need only show by a preponderance of the evidence that a plaintiff's complaint puts more than the threshold amount into controversy. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *see also Ruyle v. Safeco Ins. Co. of Am.*, 640 F. Supp. 2d 1262, 1266 (D. Idaho 2009) (finding that defendant showed amount in controversy exceeded $75,000 on the basis of a settlement offer).

**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT \* 2**

In order to meet this burden, the defendant must make more than conclusory allegations, and the court may look beyond the pleadings to determine the amount in controversy, tested as of the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). It is irrelevant whether a defendant actually end up owing more than $75,000 for the court to be vested with diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). Rather, what matters is the amount that the plaintiff alleges she is owed or harmed. *Id.* Events that occur after removal which reduce the amount in controversy—whether beyond the plaintiff's control or the result of her own volition—do not necessarily deprive the federal court of jurisdiction once it has attached. *See Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999). Even a post-removal stipulation reducing the amount in controversy to below the threshold requirement will not automatically deprive a court of jurisdiction. *See Burke Family Living Trust v. Metropolitan Life Ins. Co.*, No. C09-5388FDB, 2009 WL 2947196 at *3 (W.D. Wash. Sept. 11, 2009) (denying motion to remand based on a declaration that the plaintiff would not seek damages in excess of $75,000).

Although the Court is not deprived of jurisdiction on the basis of the parties' stipulation, "individual plaintiffs…are the masters of their complaints" and may "avoid removal to federal court…and [therefore] obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (citing *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). This is so where the stipulated damages cap is legally binding on all plaintiffs. *Knowles*, 568 U.S. at 595-96 (citing 14AA C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3702.1, p. 335 (4th ed. 2011)).

The Ninth Circuit has not squarely considered this issue. *See Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 939 (9th Cir. 2010). Within the Ninth

**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT * 3**

Circuit, district courts are split as to whether *Knowles* overruled the rule that a post-removal stipulation and damages cap does not deprive a court of jurisdiction, with some ignoring *Knowles* in its entirety, others adopting *Knowles* in part and requiring any stipulation as to a damages cap be filed before removal, and still others adopting *Knowles* in full. *Compare Barefield v. HSBC Holdings PLC*, 356 F. Supp. 3d 977, 985 (E.D. Cal. 2018), *Matthiesen v. Autozone Stores, Inc.*, No. 2:15-cv-0080-TOR, 2015 WL 3453418 at *2-3 (E.D. Wash. May 29, 2015), *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672CRB (JSC), 2019 WL 858633 at *4 (N.D. Cal. Feb. 22, 2019), and *Gillette v. Peerless Ins. Co.*, No. CV 13-03161DDP (RZx), 2013 WL 3983872 at *3 (C.D. Cal. July 31, 2013) *with Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038-39 (N.D. Cal. 2014), *Sherman v. Nationwide Mut. Ins. Co.*, No. 12-cv-152-M-DLC-JCL, 2013 WL 550265 (D. Mont. Jan. 15, 2013), and *Cicero v. Target Corp.*, No. 2:13-cv-619 JCM (GWF), 2013 WL 3270559 at *2 (D. Nev. June 26, 2013).

## Discussion

Here, parties do not dispute whether diversity of citizenship exists. It is clear that Plaintiff is a citizen of Washington and Defendant is a citizen of Delaware and Arkansas. ECF No. 1 at 2-3; ECF Nos. 2-1, 2-2, and 2-4. Rather, reading between the lines of the parties' Motion, the issue here relates to the amount in controversy requirement.

On the face of the pleadings as they existed at the time of removal, it is unclear whether Plaintiff sought damages in excess of $75,000. *See* ECF No. 2-1. In her complaint, Plaintiff requests relief for past and future lost wages and benefits, but she does not make any explicit demand for damages. *Id.* at 2. In its Notice of Removal, Defendant argued the amount in controversy in this case would exceed $75,000 based on Plaintiff's claims, her base pay, her average work week, and the potential for statutorily provided attorney's fees. ECF No. 1 at 5-6. Based

**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT \* 4**

on this calculation, Defendant has shown by a preponderance of the evidence that—at the time of removal—the amount in controversy, at the time of the pleadings, would exceed $75,000.

However, given that Plaintiff's only claim here sounds in state law and she has legally bound herself to seek less than $75,000 in damages and fees, the Court finds it is appropriate to remand this case to state court. And given that parties agree and stipulate to the remand, the Court therefore remands this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulated Motion to Cap Damages and Attorney's Fees and to Remand to Superior Court, ECF No. 6, is **GRANTED**.

2. The above-captioned case is **REMANDED** to Chelan County Superior Court.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** this file.

**DATED** this 25th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING STIPULATED MOTION TO CAP DAMAGES AND ATTORNEY'S FEES AND TO REMAND TO SUPERIOR COURT \* 5**